UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BC TECHNICAL, INC., <br><br> Defendant. | CASE NO. C08-0068RSM <br><br> ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER |

## **I. INTRODUCTION**

This matter comes before the Court on Defendant's Motion to Transfer. (Dkt. #6). Pursuant to 28 U.S.C. § 1404(a), Defendant argues that this district court has no substantial connection to the lawsuit. Furthermore, Defendant alleges that the center of all the complained activity is in Utah. Therefore in the interests of justice and for the convenience of the parties and witnesses, Defendant argues that this Court should transfer the instant case to Utah. Plaintiffs respond that the Defendant has incorrectly attempted to redefine this case in a narrow manner to effectuate transfer. In addition, Plaintiffs contend that Defendant has engaged in wrongful acts in this district, and that many of the Plaintiffs' witnesses are located in this district. As a result, Plaintiffs argue that its choice of forum should be upheld, thereby making transfer inappropriate.

For the reasons set forth below, the Court agrees with Defendant, and GRANTS Defendant's Motion to Transfer.

## **II. DISCUSSION**

**A. Background**

MEMORANDUM ORDER
PAGE - 1

As the title of Plaintiffs' complaint suggests, this is an action for trademark and copyright infringement. (Dkt. #1, Pl.'s Compl.). Plaintiffs Philips Electronics North America Corporation, a Delaware corporation with its principal place of business in Washington, Koninklijke Philips Electronics NV, a foreign corporation with its principal place of business in The Netherlands, and Philips Medical Systems (Cleveland), Inc., a California corporation with its principal place of business in Ohio (collectively "Philips"), are in the business of selling and servicing medical equipment. In 2000, Philips acquired ADAC Laboratories ("ADAC"), a company that specialized in nuclear medicine systems, including all of its copyrights, trade secrets, and trademarks. Believing that ADAC had an established reputation, Philips decided to sell its imaging systems under the ADAC trademark.

Philips alleges that it has now become aware that Defendant BC Technical, Inc. ("BC Technical"), a Utah corporation with its principal place of business in Utah, has been violating Philips' rights in conducting its business. Philips specifically contends that BC Technical's wrongful conduct includes using the ADAC name, ADAC metadata, and the ADAC logo to attempt to leverage the goodwill and good name of ADAC for BC Technical's advantage. Philips also contends that BC Technical has unlawfully distributed software that is rightfully owned by Philips, and has targeted key employees of Philips for employment with BC Technical. As a result, Philips brought the instant lawsuit in this district court on January 16, 2008. Philips' complaint alleges six causes of action, including: (1) copyright infringement; (2) federal trademark infringement; (3) misappropriation of trade secrets; (4) tortious interference with business relations; (5) violation of the Washington Consumer Protection Act ("the Washington CPA"); and (6) injunctive relief. (*See* Dkt. #1, Pl.'s Compl., ¶¶ 46-87). BC Technical now moves to transfer the case to Utah pursuant to 28 U.S.C. § 1404(a).

**B. Motions to Transfer**

28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this section is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary
MEMORANDUM ORDER
PAGE - 2

inconvenience and expense.' " *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). The statute "displaces the common law doctrine of *forum non conveniens*" with respect to transfers between federal courts. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F. 2d 834, 843 (9th Cir. 1986). Section 1404(a) is not, however, simply a codification of the common law doctrine. In passing § 1404(a), Congress "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than was needed for dismissal under the doctrine of *forum non conveniens*. *Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955). The decision to transfer an action is left to the sound discretion of the trial court, and must be determined on an individualized basis. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

The statute has two requirements on its face. First, the district to which defendants seek to have the action transferred must be one in which the action "might have been brought." 28 U.S.C. § 1404(a). Second, the transfer must be for the "convenience of parties and witnesses," and "in the interest of justice." *Id.* Here, there is no question that this action could have been brought in Utah. BC Technical is a Utah corporation and has its principal place of business in Utah. The Utah district court also has subject matter jurisdiction over the claims in this case, which require application of federal and state laws. Indeed, Philips does not dispute that this action could have been brought in Utah. Therefore the primary issue for this Court to resolve is whether the second requirement of § 1404(a) has been met.

In determining whether a transfer is appropriate under this second requirement, the Court must weigh numerous factors, including: (1) the location where the relevant agreements or alleged events in the lawsuit took place; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum, and the relation of those contacts to the plaintiff's cause of action; (5) the difference in cost of litigation in the two forums; (6) the availability of compulsory process to compel attendance of non-party witnesses; and (7) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.,* 211 F. 3d 495, 498-99 (9th Cir. 2000). Other relevant considerations, drawn from the traditional *forum non conveniens* analysis, are: (8) the pendency of related litigation in the

transferee forum; (9) the relative congestion of the two courts; and (10) the public interest in the local adjudication of local controversies. *See Decker Coal Co. v. Commonwealth Edison Co.,* 805 F. 2d 834, 843 (9th Cir. 1986). The burden is on the defendant to demonstrate that the transfer is warranted. *Saleh, et al., v. Titan Corporation, et al.*, 361 F. Supp. 2d 1152, 1155 (C.D. Cal. 2005). Because the above-mentioned factors cannot be mechanically applied, they shall be considered here under the statutory requirements of convenience of parties, convenience of witnesses, and the interests of justice.

### 1. Convenience of the parties

Philips contends that a strong presumption exists in favor of a plaintiff's choice of forum. Philips further argues that the moving party has the burden of making a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." (*See* Dkt. #11 at 5) (citing *Decker Coal*, 805 F.2d at 843). However, while a plaintiff's choice of forum is generally accorded substantial weight, that choice is not dispositive. *See Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). In fact, "the degree to which courts defer to the plaintiff's chosen venue is substantially reduced when the plaintiff's choice is not the residence or where the forum lacks a significant connection to the activities alleged in the complaint." *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006) (citations omitted). Because § 1404 application results in transfer, and not dismissal as in *forum non conveniens*, a lesser showing of inconvenience is required to upset plaintiff's choice. *Saleh*, 361 F. Supp. 2d at 1156 (citation omitted).

In patent infringement actions, the preferred forum is "that which is the center of gravity of the accused activity." *Amazon.com v. Cedant Corp.*, 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005) (quoting *Ricoh Co., Ltd., v. Honeywell, Inc.*, 817 F. Supp. 473, 482, n.17 (D. N.J. 1993)). The district court "ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." *Ricoh*, 817 F. Supp. at 482, n.17. Additionally, a court should consider "the location of the product's development, testing, research and production." *Amini Innovation Corp. v. Bank & Estate Liquidators, Inc.*, 512 F. Supp. 2d 1039, 1044 (S.D. Tex. 2007) (citations omitted). "Also relevant is the place where

the marking and sales decisions occurred, not just the location of any particular sales activity." *Id.* (internal quotations and citation omitted).

Based on this case law, the Court finds that the convenience of the parties weighs in favor of transfer to Utah for two primary reasons. First, Philips' choice of forum is substantially undermined by the fact that this district has little connection to the activities alleged in Philips' complaint. As Philips admits, the breadth of BC Technical's allegedly illegal actions are spread throughout the United States. Philips points out that BC Technical's "wrongful acts occurred at trade shows in Chicago, Illinois, occurred at clinics in Brooklyn, New York, hospitals in North Carolina, and cardiology specialty locations in Florida." (Dkt. #11 at 5). With respect to its copyright infringement claims, Philips indicates that the illegal copying of its copyrighted manuals by BC Technical occurred in North Carolina, Florida and Denver. (*Id.* at 6). In fact, upon a careful review of Philips' complaint, none of the facts mentioned by Philips even includes a reference to any activities occurring in this district. (*See* Pl.'s Compl, ¶¶ 8-45). The only example Philips can provide of BC Technical's wrongful conduct in this district is an allegation in its opposition brief that BC Technical sent a misleading brochure to a clinic in Everett, Washington.

Nevertheless, Philips claims that its "nerve center" is in Bothell, Washington. It claims that its headquarters for sales and service is in Bothell, and that the individuals who had to deal with many of the problems associated with BC Technical's conduct are also in Bothell. But as established above, "the degree to which courts defer to the plaintiff's chosen venue is substantially reduced . . . *where the forum lacks a significant connection to the activities alleged in the complaint.*" *Inherent.com*, 420 F. Supp. 2d at 1100 (citations omitted) (emphasis added); *see also Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990 (E.D.N.Y. 1991) ("[W]here the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and in fact is given reduced significance.") (citations omitted). Here, there is a minimal connection between BC Technical's wrongful acts and this district. The Court therefore gives substantially less consideration to Philips' choice. *See Amini*, 512 F.

1  Supp. 2d at 1045 ("[A] plaintiff's choice of forum . . . receives less deference where most of the
2  operative facts occurred outside the district.") (internal quotations and citation omitted).[1]

3       The second reason supporting transfer is that Utah is the origin of the accused activity.
4  Notwithstanding Philips' representations to the contrary, the Court finds that the claims asserted
5  by Philips in its complaint are issues that arise out of intellectual property law. For example,
6  count one of Philips' complaint alleges copyright infringement, and count two alleges federal
7  trademark infringement. In addition, count three of Philips' complaint alleges misappropriation
8  of trade secrets. These trade secrets include "designs, formulas, [and] layouts." (Pl.'s Compl.,
9  ¶ 66). Moreover, the Court finds persuasive the case law that suggests that in intellectual
10 property infringement suits, the preferred forum is "that which is the center of gravity of the
11 accused activity." *Amazon*, 404 F. Supp. 2d at 1260; *see also Amini*, 512 F. Supp. at 1044
12 (finding that in intellectual property actions, "which often focus on the activities of the alleged
13 infringer, its employers, and its documents[,] . . . the location of the alleged infringer's principal
14 place of business if often the critical and controlling consideration in adjudicating transfer of
15 venue motions."). Here, there is no doubt that BC Technical's principal place of business is in
16 Utah. As the declaration of Charles Hale ("Mr. Hale"), founder and president of BC Technical
17 provides:

18     BC Technical's headquarters and principal place of business has always been, and continues to be, in West Jordan, Utah. This is where BC Technical does all of

---

27     [1] It is also noteworthy that as mentioned in the background section, there are three Plaintiffs to the
28 instant action, and none of them are incorporated in Washington.

MEMORANDUM ORDER
PAGE - 6

its repair work and refurbishment processes . . . and where it keeps all its parts and software for these machines. This is also where BC Technical makes all of its business, marketing, and hiring decisions, where it keeps it business records, and where all

MEMORANDUM ORDER
PAGE - 7

of its employees who do component repair are located.

(Dkt. #7, Decl. of Hale, ¶ 3).

Thus, Utah is the location where all of BC Technical's marketing and sales decisions occurred. It is also where BC Technical's business records and documents are located. Quite simply, all the infringing activities alleged in Philips' complaint arise from Utah.

Even an exhibit attached to a declaration submitted by Philips supports the notion that the center of the accused activity is in Utah. (Dkt. #17, Decl. of Uhl, Ex. D). The exhibit specifically refers to a demand made by Philips' legal counsel, Edward Uhl ("Mr. Uhl") wherein Mr. Uhl specifically notifies Mr. Hale that BC Technical has improperly and illegally distributed software owned by Philips. Mr. Uhl states that "[i]t has come to our attention that BC Technical has provided the following customers, and possibly more, with a copy [of the software owned by Philips]: Cottonwood Hospital of Sandy, UT; Davis Hospital of Layton, UT; Jordan Valley Hospital of West Jordan, UT; Salt Lake Clinic of Salt Lake City, UT, and Aurora Denver Cardiology Associates of Denver, CO." (*Id.* at 8). Therefore at the time Mr. Uhl sent Mr. Hale this demand letter, Philips acknowledged that the software infringement was occurring predominantly in Utah.

In sum, Utah is the center of the accused activity, and where all of the documents related to BC Technical's wrongful activity are located. Likewise, this district is not the center of the accused activity, and has an attenuated connection to the activities mentioned in Philips' complaint. The Court therefore finds that the convenience of the parties weighs in favor of transfer to Utah.

### 2. Convenience of the witnesses

"The relative convenience of the witnesses is often recognized as the most important

factor to be considered in ruling on a motion under § 1404(a)." *Saleh*, 361 F. Supp. 2d at 1160 (citation omitted); *Int'l Comfort Products, Inc. v. Hanover House*, 739 F. Supp. 503, 507 (D. Ariz. 1989). "While the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the most important factor." *Saleh*, 361 F. Supp. 2d at 1160 (citation omitted). Additionally, the court must consider not only how many witnesses each side has and the location of each, but the importance of each witness as well. *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir. 1984).

Here, BC Technical has identified up to 24 potential witnesses in Utah with knowledge pertaining directly to Philips' allegations. (Dkt. #25, Supp. Decl. of Hale, ¶¶ 2-3). This group of witnesses includes individuals in accounting, sales, information technology, and the executive team, among others. Therefore not only has BC Technical indicated that a number of witnesses are located in Utah, the material witnesses to this case appear to be Utah as well.

On the other hand, Philips does not specifically identify the witnesses it intends to call. Rather, it simply asserts in its opposition brief "Philips has more employees in Bothell than BC [Technical] does in Salt Lake City." (Dkt. #11 at 8). Philips also generally asserts that "it has several expert witnesses who are located in the greater Seattle area and who will likely be testifying in this case." However, without specific identification of such individuals, this Court has no way of knowing whether this assertion rings true. Philips does attach the declarations of three individuals who live in Seattle and have knowledge of the case. But this number pales in comparison to the 24 witnesses identified by BC Technical. In any event, Philips admits that many of its witnesses are "scattered across the country." (Dkt. #11 at 8). As a result, BC Technical has made a stronger showing that the convenience of the witnesses weighs in favor of a transfer to Utah.

**3. Interest of justice**

In considering the interests of justice, courts weigh such factors as "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Amazon*, 404 F. Supp. 2d at 1261 (quoting *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989)). "The 'interest of justice' analysis relates . . .

to the efficient functioning of the courts, not to the merits of the underlying dispute." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986). Notably, "the pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor." *Amazon*, 404 F. Supp. 2d at 1261.

Based on this case law, BC Technical argues that the interests of justice weigh in favor of transfer due to a related action in Utah district court involving BC Technical and Ensil International Corporation ("Ensil"). BC Technical argues that the case is related because it involves some of the same copyright ownership and infringement issues complained about in the present action. However, and as Philips indicates, this argument is misleading. At the time BC Technical filed its motion to transfer, it did not inform the Court that this related case was set for trial in July of 2008. Furthermore, the Court now notes that the trial concluded in the related case on July 18, 2008, with a jury verdict in favor of BC Technical. *See BC Technical, Inc. v. Ensil Int'l Corp.*, Case No. 02-700 TS (Dkt. #277). Therefore there is no related action for this Court to consider with respect to BC Technical's motion to transfer.

With respect to the remaining factors to be considered under the interests of justice, the parties agree that these factors are neutral. These factors include the relative congestion of the courts, and the public interest in local adjudication of local controversies. This Court agrees that these factors do not either weigh in favor or against transfer.

Nevertheless, the Court finds no reason to believe that a district court in Utah could not adequately handle the legal issues in this case. As established above, the facts alleged in support of Philips' claims revolve around federal issues of trademark and copyright infringement. Therefore the majority of Philips' claims are federal claims, claims that the Utah district court is clearly competent to address. And to the extent that Philips does allege a violation of the Washington CPA, this Court has previously found that a federal state court is competent to handle issues arising under Washington law. *See Arvitt v. Reliastar Life Ins. Co.*, 2007 WL 666606, at *4 (W.D. Wash. 2007) ("The Minnesota district court is as competent as this one to handle issues arising under the laws of other states.").

There is also no reason to believe that this case would be delayed any further if it were to

MEMORANDUM ORDER
PAGE - 10

proceed in Utah. Philips contends that BC Technical has proven itself to be "quite sophisticated in terms of preventing cases from getting to trial in federal court in Utah." (Dkt. #11 at 10). To support this notion, Philips indicates that BC Technical's case with Ensil was pending for six years. However, the Court has no way of knowing whether Ensil or BC Technical was responsible, if at all, for the delay in that case. Moreover, counsel for Ensil, Michael Carlston ("Mr. Carlston"), filed a declaration in the instant case to support the notion that this case is not related to the Ensil matter. (*See* Dkt. #12, Decl. of Carlston). If BC Technical were truly responsible for this significant delay, certainly Mr. Carlston would indicate as much in his declaration. Ironically, Mr. Carlston indicates that the trial was initially set for January 22, 2008, but because one of his partners needed an emergency surgery, the trial was continued until July 14, 2008. (*Id.*, ¶ 3).

Overall, BC Technical has satisfied its burden in establishing that transfer is appropriate in this case. While the interest of justice factor is neutral, the convenience of the parties and the witnesses tip the scales in favor of transfer. The origin of the accused activity is Utah, and all of BC Technical's business records and documents are in Utah. And as mentioned above, Philips points out *only one* instance where BC Technical violated Philip's rights in this district. It is also worth reiterating that Philips' argument that its choice of forum should be upheld loses considerable force considering that this district has an extremely attenuated connection to this lawsuit. "The preference for honoring a Plaintiff's choice of forum is simply that - a preference. It is not a right." *Forever Living Product U.S. Inc. v. Geyman*, 474 F. Supp. 2d 980, 985 (D. Ariz. 2006) (citation omitted).

Philips will have its day in court. It simply will not be in a district where there is little, if any, connection to the allegedly wrongful activities engaged in by BC Technical.

### III. CONCLUSION

Having reviewed Defendant's motion, Plaintiffs' response, Defendant's reply, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and orders:

(1) Defendant's Motion to Transfer (Dkt. #6) is GRANTED. This case is

MEMORANDUM ORDER
PAGE - 11

TRANSFERRED to the United States District Court for the District of Utah. The Clerk shall close the file and notify the Clerk of the Court in that district.

(2) Defendant's Motion to Dismiss (Dkt. #5) is STRICKEN AS MOOT without prejudice to Defendant to refile in the Utah district court.

(3) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 1st day of August, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE